UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| ROBERT A. WINTER, JR., <br><br> Plaintiff, <br><br> and <br><br> CAMERON A. BLAU and HON. ALLISON JONES, <br><br> Intervenor Plaintiffs, <br><br> v. <br><br> HON. STEVEN D. WOLNITZEK, *in his official capacity as Chair, Judicial Conduct Commission*, et al., <br><br> Defendants. | Civil No. 14-119-ART <br><br> **CERTIFICATION ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Intervening plaintiffs Cameron Blau and the Honorable Allison Jones have filed First Amendment challenges to several clauses of Canon 5 of the Kentucky Code of Judicial Conduct. *See* R. 61; R. 72. Some of the clauses at issue contain ambiguities that the parties wish to certify to the Supreme Court of Kentucky for an authoritative interpretation. For example, Blau contends that the Kentucky Judicial Conduct Commission would consider hosting political events as "holding office" or acting as a leader within a political party under Canon 5(A)(1)(b), but the defendants dispute that interpretation. *See* R. 61-1 at 14. Similarly, the Court preliminary enjoined the enforcement of Canon 5(A)(1)(a), which prohibits a judicial candidate from "campaign[ing] as a member of a political organization,"

in part because the clause was vague. *See* R. 60. Resolution of those ambiguities would aid the Court in its resolution of the constitutional challenges.

A federal district court may certify "questions of law" to the Supreme Court of Kentucky only where "it appears to the party or the originating court that there is no controlling precedent in the decisions of the Supreme Court [of Kentucky] and the Court of Appeals." Ky. R. Civ. P. 76.37(1). The parties and the Court have not identified any controlling interpretations of the Canons at issue in this case. To properly certify questions to the Supreme Court of Kentucky, a certification order must contain the following: (1) the questions of law at issue (2) "all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose"; (3) names of the appellants and appellees; and (4) the names and addresses of counsel for the parties. Ky. R. Civ. P. 76.37(3). The Court summarizes the facts below, followed by the questions of law.

## FACTS

*Plaintiff Robert Winter, Jr, and Intervenor-Plaintiff Cameron Blau*

Plaintiff Robert Winter, Jr., was a candidate for Circuit Judge in Kenton County, Kentucky. R. 31-3. He sent out mailers identifying himself as a Republican candidate and his opponent as a Democratic candidate. *Id.* After Winter's mailers went out, the Commission sent him a letter explaining that it received complaints that his actions violated Canons 5(A)(1)(a) and 5(B)(1)(c). R. 1-9. In response, Winter filed this lawsuit, and the Commission agreed not to prosecute during the pendency of the case. R. 25.

While Winter's lawsuit was pending, Blau filed an unopposed motion to intervene, R. 43, which the Court granted, R. 48. Blau then filed an emergency motion for a temporary restraining order and preliminary injunction. R. 46. At the time, Blau was running for

Campbell County District Judge and wanted to send out mailers to potential voters identifying himself as a "Republican candidate," or words to similar effect, and his opponent as a "Democrat candidate," or words to similar effect. *Id.* at 2. But Blau worried that the Commission would find that speech to be a violation of Canons 5(A)(1)(a) and 5(B)(1)(c). *Id.* After holding oral argument, the Court preliminary enjoined the Commission from enforcing Canon 5(A)(1)(a) in its entirety and Canon 5(B)(1)(c) as it related to "misleading" speech. R. 60 at 25. Canon 5(A)(1)(a) would likely fail strict scrutiny because it was vague, overbroad, and underinclusive. *Id.* at 10–21. Canon 5(B)(1)(c) would likely fail strict scrutiny because it was not narrowly tailored and was also overbroad. *Id.* at 21–25. The Court has attached its prior opinion as Appendix A.

After the Court's preliminary-injunction order, Blau filed a motion for summary judgment contending that Canon 5(A)(1)(a), (b), (c), (d), Canon 5(A)(4), Canon 5(B)(1)(c), and Canon 5(B)(2) violated the First Amendment as applied to Blaue and on their face. *See* R. 61. According to Blau, those Canons would prohibit his speech in several ways. In addition to statements identifying himself as "the only Republican candidate for Judge" or "the Conservative Republican candidate for Judge" and his opponent as "the Democrat candidate for Judge" or the "Liberal Democrat for Judge," Blau also wanted to seek the endorsement of the Campbell County Republican Party and other Republican officials, host events for the Campbell County Republican Party, and make political donations to members of the Republican Party. R. 61-2 at ¶¶ 11–13. Because Blau argues that his conduct would likely be prohibited by the Canons, he now requests certification on the interpretation of several of the Canons. R. 75.

*Intervenor-Plaintiff Honorable Allison Jones*

Judge Jones was appointed to the Kentucky Court of Appeals in July 2013. R. 72-2 at ¶ 3. In 2014, she ran for, and was elected to, another term on the Kentucky Court of Appeals. *Id.* ¶ 4. After her campaign, Judge Jones received a letter from the Commission explaining that a complaint had been filed against her. R. 72-2 at 7. The complaint alleged that Judge Jones had made "false and misleading statements in speeches and campaign materials by asking voters to re-elect [Judge Jones] even though" she had been appointed, not elected, to her first term on the Kentucky Court of Appeals. *Id.* Additionally, the complaint alleged that Jones violated the Code of Judicial Conduct by stating that she wanted to "work with the legislative and executive branches to ensure that the law provides for stiff penalties for heroin dealers." *Id.* While the Commission did not articulate what Canon Judge Jones allegedly violated, she presumed it was Canon 5(B)(1)(c). The Commission asked Judge Jones to file a response to the allegations. *Id.* On January 29, 2015, Judge Jones filed a motion to intervene in this lawsuit, contending that Canon 5(B)(1)(c) was unconstitutional. R. 73-1 at 6. The Court granted Judge Jones' intervention, R. 74, and Judge Jones now requests certification of the interpretation of Canon 5(B)(1)(c), R. 75.

## QUESTIONS OF LAW

The Court certifies the following Canons and questions of law:[1]

(1) Canon 5(A)(1)(a) states that a judge or judicial candidate shall not "campaign as a member of a political organization."

---

[1] The Court does not certify all the Canons requested by the plaintiffs, but only those that contain a material ambiguity requiring the Supreme Court of Kentucky's authoritative interpretation.

>    **Questions of Law**: What constitutes "campaign[ing] as a member of a political organization"? As applied to this case, would it include a candidate's statements in mailers identifying his political party, such as "I am the only Republican candidate for Judge" or "I am the Conservative Republican candidate for Judge"? Would a candidate's statement that his opponent was "the Democrat candidate for Judge" or the "Liberal Democrat for Judge" violate the Canon?

(2) Canon 5(A)(1)(b) states that a judge or judicial candidate shall not "act as a leader or hold any office in a political organization."

>    **Questions of Law**: What constitutes "act[ing] as a leader or hold[ing] any office"? As applied to this case, would hosting events for a political party violate the Canon?

(3) Canon 5(B)(1)(c) states that a judge or judicial candidate "shall not knowingly, or with reckless disregard for the truth, misrepresent any candidate's identity, qualifications, present position, or make any other false or misleading statements."

>    **Questions of Law**: What constitutes a false statement? As applied to this case, would it include a candidate who asks voters to "re-elect" her to a second term even though she was appointed to her first term?

The Court respectfully requests a decision from the Supreme Court of Kentucky by August 27, 2015. The Court understands that the Supreme Court of Kentucky may not reach a decision by that time, but, in that circumstance, the Court would have to proceed with this case to ensure fairness to the litigants.

Accordingly, it is **ORDERED** that:

(1) The questions recited above are **CERTIFIED** to the Supreme Court of Kentucky.

(2) The Clerk of Court **SHALL FORWARD** this order to the Supreme Court of Kentucky. Upon request, the Clerk of Court shall also forward the record to the Supreme Court of Kentucky.

(3) The names and addresses of counsel for Cameron Blau are:

    a. Christopher David Wiest, Christopher Wiest, Attorney at Law, PLLC, 25 Town Center Boulevard, Suite 104, Crestview Hills, KY 41017.

    b. Jack S. Gatlin, Freund, Freeze & Arnold, 2400 Chamber Center Drive, Suite 200, Chamber Office Park, Ft. Mitchell, KY 41017.

(4) The names and addresses of counsel for the Honorable Allison Jones are:

    a. Jack S. Gatlin, Freund, Freeze & Arnold – Ft. Mitchell, 2400 Chamber Center Drive, Suite 200, Chamber Office Park, Ft. Mitchell, KY 41017.

    b. Lucinda C. Shirooni, Taliaferro, Carran & Keys, PPLC, 1005 Madison Avenue, Covington, KY 41011.

    c. Thomas B. Bruns, Freund, Freeze & Arnold – Ft. Mitchell, 2400 Chamber Center Drive, Suite 200, Chamber Office Park, Ft. Mitchell, KY 41017.

(5) The names and addresses of counsel for the defendants who serve on the Judicial Conduct Commission, including the Honorable Steven D. Wolnitzek, the Honorable Janet L. Stumbo, the Honorable Eddy Coleman, the Honorable David P. Bowles, the Honorable Diane E. Logsdon, and the Honorable Jimmy Shaffer, are:

      a.      Jeffrey C. Mando, Adams, Stepner, Woltermann & Dusing, PLLC, 40 W. Pike Street, P.O. Box 861, Covington, KY 41012-0861.

      b.      Mark R. Overstreet, Stites & Harbison, PLLC – Frankfort, 421 W. Main Street, P.O. Box 634, Frankfort, KY 40602-0634.

      c.      Bethany A. Breetz, Stites & Harbison, PLLC – Louisville, 400 W. Market Street, Suite 1800, Louisville, KY 40202.

      d.      Louis D. Kelly, Adams, Stepner, Woltermann & Dusing, PLLC, 40 W. Pike Street, P.O. Box 861, Covington, KY 41012-0861.

(6)    The deadlines for Judge Jones' summary-judgment motion, R. 74, are **VACATED**.

(7)    The parties **SHALL INFORM** the Court after the Supreme Court of Kentucky acts on this certification order.

This the 12th day of February, 2015.

Signed By:
*Amul R. Thapar* AT
United States District Judge

# APPENDIX A